# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of Washington )

Case Number   2018-L-3

Amount Claimed   in excess of 50,000.00

| | |
|---|---|
| Prairie State Generating Company, LLC | Steelbuilding.com, LLC d/b/a CENTRIA; NCI Group, Inc., d/b/a CENTRIA; and CENTRIA General Partnership |
| **Plaintiff(s)** VS | **Defendant(s)** |

Classification Prefix L _____ Code _____   Nature of Action Law _____ Code _____

Pltf. Atty. David B. Schneidewind _____ Code#6273495
Address 5000 West Main Street, PO Box 23560
City Belleville, Illinois _____ Phone 277-9000
Add. Pltf. Atty. Emily C. O'Connor #6317285 Code _____

## SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME Steelbuilding.com

ADDRESS 10943 North Same Houston Parkway W.

CITY & STATE Houston, TX 77064

☐ A.  You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

## TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ August 31 _____ 18 20___

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

**EXHIBIT**
**A**

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
   By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |

(b) - (Individual defendants - abode):
   By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) - Corporation defendants):
   By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return | $ |
| Miles | $ |
| Total | $ |

Sheriff of _____ County

_____, Sheriff of _____ County

_____, Deputy

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of Washington ) S.S.

Case Number 2018-L-3

Amount Claimed in excess of 50,000.00

Prairie State Generating
Company, LLC

VS

Steelbuilding.com, LLC d/b/a
CENTRIA; NCI Group, Inc., d/b/a
CENTRIA; and CENTRIA General
Partnership

Plaintiff(s)

Defendant(s)

Classification Prefix L _____ Code _____ Nature of Action Law _____ Code _____

Pltf. Atty. David B. Schneidewind _____ Code #6273495
Address 5000 West Main Street, PO Box 23560
City Belleville, Illinois _____ Phone 277-9000
Add. Pltf. Atty. Emily C. O'Connor #6317285 Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME NCI Group, Inc.

Agent: Cogency Global, Inc.

ADDRESS 600 South Second Street.,

Suite 404

CITY & STATE Springfield, IL 62704

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ August 31 _____ 20 18

_____ Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                             Date of service

_____                   _____

_____                   _____

_____                   _____

_____                   _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
) S.S.
County of Washington )

Case Number _____ 2018-L-3 _____

Amount Claimed __ in excess of 50,000.00 __

Prairie State Generating
Company, LLC

Plaintiff(s)

VS

Steelbuilding.com, LLC d/b/a
CENTRIA; NCI Group, Inc., d/b/a
CENTRIA; and CENTRIA General
Partnership

Defendant(s)

Classification Prefix L _____ Code _____   Nature of Action Law _____ Code _____

Pltf. Atty. David B. Schneidewind    Code #6273495
Address 5000 West Main Street, PO Box 23560
City Belleville, Illinois         Phone 277-9000
Add. Pltf. Atty. Emily C. O'Connor #6317285 Code _____

## SUMMONS COPY

To the above named defendant(s) . . . . . :

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME CENTRIA General Partnership

ADDRESS 1005 Beaver Grade Road

CITY & STATE Springfield, IL 62704

▢ **A.** You are hereby summoned and required to appear before this court at:
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereof of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ August 31 _____ 20 18

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20 __
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a)– (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                Date of service

_____                    _____

_____                    _____

_____                    _____

_____                    _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . $ _____ |
| Total . . . . . . . . . . . . . . . . . . . . $ _____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

FILED
Washington Co. Circuit Court
20th Judicial Circuit
Date: 8/16/2018 3:55 PM
Cynthia Barczewski

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
WASHINGTON COUNTY, ILLINOIS

| | | |
|---|---|---|
| Prairie State Generating Company, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. _____ 2018L3 _____ |
| | ) | |
| Steelbuilding.com, LLC d/b/a CENTRIA; | ) | Plaintiff demands trial by jury |
| NCI Group, Inc. d/b/a CENTRIA; and | ) | of twelve on all counts. |
| CENTRIA General Partnership | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Prairie State Generating Company, LLC ("PSGC") states as follows for its

Complaint against Defendants Steelbuilding.com, LLC d/b/a CENTRIA, NCI Group, Inc., d/b/a

CENTRIA, and CENTRIA General Partnership.

### General Allegations

1.      PSGC is a Delaware limited liability company with its principal place of business

located in Washington County, Illinois.

2.      Defendant Steelbuilding.com, LLC d/b/a CENTRIA is a corporation with its

principal place of business located at 10943 North Sam Houston Parkway West, Houston, TX,

77064.  Upon information and belief, Defendant Steelbuilding.com, LLC acquired its interest in

the CENTRIA fictitious name in or around 2015. Prior to that time, CENTRIA was owned and

operated by Steelbuilding.com, LLC's predecessor entities, which transferred its right, title, and

interest in the CENTRIA business to Steelbuilding.com, LLC.

3.      Defendant NCI Group, Inc. d/b/a CENTRIA is a corporation with its principal place

of business located at 10943 North Sam Houston Parkway West, Houston, TX, 77064, is registered

to do business in Illinois with the Illinois Secretary of State and has a registered agent in Illinois—
Cogency Global, Inc., 600 South Second Street, Suite 404, Springfield, Illinois 62704. Upon
information and belief, Defendant NCI Group, Inc. acquired its interest in the CENTRIA fictitious
name in or around 2015. Prior to that time, CENTRIA was owned and operated by NCI Group,
Inc.'s predecessor entities, which transferred its right, title, and interest in the CENTRIA business
to NCI Group, Inc.

4.      Although Steelbuilding.com, LLC and NCI Group, Inc. have a principal place of
business located in Houston, TX, CENTRIA's operations and offices are located at 1005 Beaver
Grade Road, Moon Township, PA 15108.

5.      By and through counsel, NCI Group, Inc. has represented to PSGC that the entity
responsible for issuing and administering the warranty and providing the products and services at
issue in this Complaint is "CENTRIA."

6.      In addition to the fictitious name "CENTRIA," registered to Steelbuilding.com,
LLC and NCI Group, Inc., PSGC is also aware of a General Partnership known as CENTRIA.
Defendant CENTRIA General Partnership also has its principal place of business located at 1005
Beaver Grade Road, Moon Township, PA 15108.

7.      PSGC owns and operates a coal-fired power plant in Washington County, Illinois.
(the "Plant"). PSGC uses state-of-the-art technology to provide some of the cleanest coal-generated
energy in the country.

8.      PSGC started construction of the Plant in 2007. In connection with the construction,
PSGC entered into an agreement with a general contractor, A.C. Dellovade ("Dellovade"), in 2009
(the "Construction Agreement").

9.     As general contractor, Dellovade retained control over subcontractors and component suppliers retained to assist with construction of the Plant. Upon information and belief, Dellovade selected subcontractors and suppliers; agreed to terms with them, and otherwise was responsible for procurement of products and services for the project.

10.     Under the Construction Agreement, Dellovade was required to procure all warranties for products and/or component parts provided by subcontractors or suppliers in connection with the construction of the Plant. (*See* Ex. A (excerpt), Construction Contract General Conditions, GC 36.5; Construction Contract Special Conditions (excerpt), SC-17.1.) ("CONTRACTOR shall obtain or provide, for the benefit of PSGC and their successors in interest, warranties or guarantees for the Equipment, Materials and other Work furnished by Subcontractors.")

11.     In or around 2014, Dellovade contracted with or otherwise arranged for CENTRIA to design, manufacture, and supply metal roof and exterior wall panels for the Plant (the "Panels").

12.     As alleged above, upon information and belief, the business of CENTRIA is now owned and/or operated by Defendants Steelbuilding.com, LLC, NCI Group, Inc., and/or CENTRIA General Partnership. At all relevant times, CENTRIA was owned and operated by these entities or their predecessors, who assigned all right, title, and interest in the CENTRIA business to some or all of the named Defendants. Throughout this Complaint, Defendants will be referred to collectively as "Centria."

13.     Upon information and belief, consistent with its role as general contractor and pursuant to the Construction Agreement, Dellovade selected Centria to design, manufacture, and supply the Panels. Dellovade agreed to terms with Centria and was responsible for procurement of the Panels, keeping in mind the needs of PSGC and intended particular purpose of the Panels.

14.    After agreeing to terms with Dellovade, Centria manufactured and supplied the Panels for installation at the Plant.

15.    In connection with its design, manufacture, and supply of the Panels, Centria provided an express, written warranty dated June 4, 2012 regarding the Panels' finishes and coatings, also known as the "Fluorofinish." (the "Warranty"). The Warranty provides the Fluorofinish would "not for a period of twenty-one years (21) from the coil coating date or twenty (20) years from the panel installation date...change in color...peel, crack, check, chip, or erode to base metal." (*See* Exhibit B, Warranty).

16.    Upon information and belief, after Dellovade agreed to terms with Centria, and after Centria manufactured the Panels and supplied the Panels for installation at the Plant, Dellovade obtained the Warranty from Centria for the benefit of PSGC.

17.    In 2017, the Panels started blistering, peeling, cracking, bulging, deteriorating, corroding, and rusting significantly, in addition to other defects. At the time PSGC discovered these conditions generally, it was unsure about the specific nature, extent, and root cause of the damage. PSGC began investigating.

18.    Ultimately, PSGC determined the damage likely was caused by defective Fluorofinish provided by Centria as a coating for the Panels, and notified Centria of the defects. On February 22, 2018, PSGC sent correspondence to Centria, notifying Centria of the defects and requesting Centria honor the Warranty. (*See* Exhibit C, Notice of Warranty Claim.)

19.    In response to PSGC's notice, Centria acknowledged the problems with the Fluorofinish and Panels and indicated its need to take care of the problems.

20.    As of the filing of this Complaint, Centria has refused to repair, repaint, replace or otherwise address the problems with the damaged and defective Panels.

### Count I – Breach of Warranty

21.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, as if fully set forth herein.

22.     Centria manufactured and supplied the Panels for installation at the Plant.

23.     Centria provided the Warranty in connection with the Panels.

24.     The Panels failed to perform as warranted or otherwise meet the specifications and standards promised by the Warranty, in that the exterior coating and Fluorofinish of the Panels is blistering, peeling, cracking, bulging, deteriorating, corroding, and rusting significantly, among other defects.

25.     PSGC timely notified Defendants of the damaged and defective Panels, along with its claims under the Warranty. *See* Ex. C.

26.     By failing to repair and/or replace the damaged, defective Panels, Defendants are in breach of the Warranty. Indeed, Centria's failure to repair and/or replace the Panels renders the warranty useless and leaves PSGC without the remedies it anticipated having under the Warranty.

27.     As a direct and proximate result of Defendant Centria, Inc.'s breach, PSGC has been damaged, in that the Panels are blistering, peeling, cracking, bulging, deteriorating, corroding, rusting, or otherwise compromised, and are thus in need of significant repairs – likely total replacement.

28.     In addition, PSGC has incurred and is likely to incur additional incidental and consequential damages associated with its assessment and maintenance of the damage, including but not limited to the expenditure of money and other resources.

WHEREFORE, Plaintiff Prairie State Generating Company, LLC prays for judgment in its and favor against Centria for compensatory damages in an amount to be proven at trial and in

excess of Fifty Thousand Dollars ($50,000.00), including incidental and consequential damages, costs of this action, attorney's fees, and for such other or further relief as this Court deems appropriate under the circumstances.

### Count II-Breach of Implied Warranty of Merchantability

29.     PSGC re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 28, as if fully set forth herein

30.     Defendants manufactured and supplied the Panels for installation at the Plant. Centria is in the business of manufacturing and supplying exterior metal wall panels such as those at issue here.

31.     The ordinary purpose of exterior metal wall panels (such as the Panels) is to protect, fortify, and contain the operations of a facility such as the Plant. This purpose is only accomplished if the Panels are built, finished, and coated in a manner consistent with the Warranty, to avoid blistering, peeling, cracking, bulging, deteriorating, corroding, rusting, and other defects.

32.     In providing the Panels for installation at the Plant, Centria impliedly warranted to PSGC that the Panels were merchantable, suitable for use, and non-defective.

33.     The Panels were not merchantable or fit for their ordinary purpose in multiple ways, as discussed in paragraph 17 above. Because the Panels became damaged and are defective, Centria breached its implied warranty of merchantability.

34.     As a result of Defendants' failure to provide merchantable exterior wall panels fit for their ordinary purpose, PSGC has suffered damages, in that the Panels are blistering, peeling, cracking, bulging, deteriorating, corroding, rusting, or otherwise compromised, and are thus in need of significant repairs – likely total replacement.

35.     In addition, PSGC has incurred and is likely to incur additional incidental and consequential damages associated with its assessment and maintenance of the damage, including but not limited to the expenditure of money and other resources.

WHEREFORE, Plaintiff Prairie State Generating Company, LLC prays for judgment in its and favor against Centria for compensatory damages in an amount to be proven at trial and in excess of Fifty Thousand Dollars ($50,000.00), including incidental and consequential damages, costs of this action, attorney's fees, and for such other or further relief as this Court deems appropriate under the circumstances.

### Count III–Breach of Implied Warranty of Fitness for a Particular Purpose

36.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35, as if fully set forth herein

37.     At the time it manufactured and supplied the Panels, Centria knew and understood, or had reason to know, the particular purpose for which the Panels would be used – *i.e.,* as exterior wall panels at the Plant.

38.     Upon information and belief, Dellovade and/or PSGC explained PSGC's needs and informed Centria why the Panels were being purchased and how they would be used. As a result, Centria knew or had reason to know PSGC and/or Dellovade was relying on the skill and judgment of Centria to design, manufacture, select, and/or furnish suitable goods; and PSGC and/or Dellovade in fact relied on the skill and judgment of Centria to design, manufacture, select, and/or furnish suitable goods.

39.     Centria was well-aware of what Dellovade and/or PSGC needed in connection with the construction of its Plant, and that the Panels would be used as exterior walls at the Plant. Under

these circumstances, Centria warranted the Panels would be fit for their particular purpose and usage at the Plant.

40.   Centria breached the implied warranty of fitness for a particular purpose because the Panels became damaged and were defective, as discussed in paragraph 17 above, and were not suitable for use as exterior wall panels at the Plant.

41.   As a direct and proximate result of Centria's breach, PSGC has suffered damages, in that the Panels are blistering, peeling, cracking, bulging, deteriorating, corroding, rusting, or otherwise compromised, and are thus in need of significant repairs – likely total replacement.

42.   In addition, PSGC has incurred and is likely to incur additional incidental and consequential damages associated with its assessment and maintenance of the damage, including but not limited to the expenditure of money and other resources.

WHEREFORE, Plaintiff Prairie State Generating Company, LLC prays for judgment in its and favor against Centria for compensatory damages in an amount to be proven at trial and in excess of Fifty Thousand Dollars ($50,000.00), including incidental and consequential damages, costs of this action, attorney's fees, and for such other or further relief as this Court deems appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE ON ALL COUNTS.**

Respectfully submitted,

BOYLE & BRASHER LLC

By /s/ David B. Schneidewind
David B. Schneidewind, #06273495
Charles J. Swartwout, #06190655
Emily C. O'Connor, #6317285
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Telephone: (618) 277-9000
Facsimile: (618) 277-4594
dschneidewind@boylebrasher.com
cswartwout@boylebrasher.com
eoconnor@boylebrasher.com

AND

STINSON LEONARD STREET LLP

By       /s/ Andrew J. Scavotto
     Andrew J. Scavotto, #6288575
     7700 Forsyth Blvd., Suite 1100
     St. Louis, Missouri 63105
     Telephone: (314) 863-0800
     Facsimile: (314) 863-9388
     andrew.scavotto@stinson.com

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
WASHINGTON COUNTY, ILLINOIS

| | | |
|---|---|---|
| Prairie State Generating Company, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. _____ |
| | ) | |
| Steelbuilding.com, LLC d/b/a CENTRIA; | ) | Plaintiff demands trial by jury |
| NCI Group, Inc. d/b/a CENTRIA; and | ) | of twelve on all counts. |
| CENTRIA General Partnership | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Affidavit

Comes now the Affiant, David B. Schneidewind, counsel for Plaintiff herein, this affidavit is made pursuant to Illinois Supreme Court Rule 222(b), states that under the penalties of perjury as provided by Section 1-109 of the Illinois Code of Civil Procedure, he had read the attached Complaint, is familiar with the facts contained therein, and reasonably believes that the damages in this case are in excess of fifty thousand dollars ($50,000.00).

DATED: 08/16/18

David B. Schneidewind, #06273495

COUNTY OF ST. CLAIR   )
                       )SS.
STATE OF ILLINOIS     )

Subscribed and Sworn to before me this 16th day of August 2018

OFFICIAL SEAL
STEPHANIE A WAGNER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/05/21

Stephanie A. Wagner
Notary Public

EXHIBIT A

PSGC Letter 09-1671 001

## PRAIRIE STATE GENERATING COMPANY, LLC
## PRAIRIE STATE ENERGY CAMPUS
## ENGINEER, PROCURE, CONSTRUCT (EPC) CONTRACT

### FORM OF AGREEMENT

| | | | |
|---|---|---|---|
| Contractor: | A.C. Dellovade | Contract No.: | 25316-240-HC1-ATPS-00001 |
| Address: | 108 Cavasina Drive | Work Location: | Prairie State Energy Campus Lively Grove, Illinois |
| | Canonsburg, PA  15317 | Issuing Office: | Frederick, MD |
| Contact: | Dennis Dellovade | Address: | 5275 Westview Drive |
| Telephone: | 724-873-8190 | | Frederick, MD  21703 |
| Facsimile: | 724-873-8187 | Register No.: | |
| D-U-N-S No.: | 06 563 4941 | G & S Code: | ATPS |

This Contract is effective as of the 2nd day of July 2009 ( herein referred to as the "Effective Date"), between Prairie State Generating Company, LLC ("PSGC"), and the above named CONTRACTOR who hereby agree that all Work specified below shall be performed by CONTRACTOR in accordance with all the provisions of this Contract, consisting of the following Contract Documents:

> Contract Form of Agreement
> Exhibit "A" - General Conditions, dated:  June 11, 2009
> Exhibit "B" - Special Conditions, dated:  June 11, 2009
> Exhibit "C" - Quantities, Pricing and Data, dated:  June 8, 2009
> Exhibit "D" - Scope of Work and Technical Specifications, Rev. 2, dated: 4/7/2009
> Exhibit "E" -- Bechtel Drawings, Metal Roofing and Siding Rev. 001, dated: 4/07/2009

1.   WORK TO BE PERFORMED:   Except as expressly specified elsewhere in the Contract, CONTRACTOR shall furnish all plant; labor; materials; tools; supplies; equipment; transportation; supervision; technical, professional and other services; and shall perform all operations necessary and required to satisfactorily:

   **Design, Furnish and Install Metal Roof and Wall Panels**

2.   SCHEDULE:  The Work shall be performed in accordance with the dates set forth in the Exhibit "B" clause titled "COMMENCEMENT, PROGRESS AND COMPLETION OF THE WORK".

3.   COMPENSATION:  As full consideration for the satisfactory performance by CONTRACTOR of the Work, PSGC shall pay to CONTRACTOR compensation in accordance with the prices set forth in Exhibit "C" and the payment provisions of this Contract.

The Contract Documents constitute the entire agreement between the Parties with respect to the subject matter hereof and there are no oral or written understandings, representations or commitments of any kind, express or implied, which are not expressly set forth herein. The Parties shall not be bound by or be

OWNER EPC CONTRACT
Form of Agreement

PAGE 1 of 2

Prairie State Energy Campus
Contract No. 25316-240-HC1-ATPS-00001
July 2, 2009

EXHIBIT A

PSGC Letter 09-1671 001

liable for any statement, representation, promise, inducement or understanding not set forth herein.

PSGC:                                                    CONTRACTOR:

Prairie State Generating Company, LLC                   A.C. Dellovade

By:                                                     By:
Authorized                                              Authorized
Signature: _____                   Signature: _____
Print Name: _Peter DeQuattro_____                   Print Name: _____
                                                                   Patrick L. Riley
Print Title: _President & CEO_____                    Print Title: _____
                                                                   Vice President

EXHIBIT A

the date that such repair, replacement, or correction is completed, but no less than the original 24 months from the issuance of the Provisional Acceptance Certificate.

36.5   CONTRACTOR shall obtain warranties, including additional and extended warranties, for the benefit of CONTRACTOR, PSGC and Owners from Subcontractors in relation to their respective portions of the Work.  Copies of all such warranties obtained by CONTRACTOR shall be provided to PSGC promptly upon execution of the applicable Subcontract by CONTRACTOR.  Such warranties will be written to survive CONTRACTOR's tests, inspections and approvals and will be assignable, as provided in the next sentence, to PSGC and/or Owners without requirement for Subcontractor's consent.  Upon PSGC's written request, CONTRACTOR shall assign any such Subcontractor warranty to PSGC and/or Owners.  Prior to assigning such warranties to PSGC, CONTRACTOR shall maintain and enforce such warranties and shall not materially modify or amend such warranties without the prior written consent of PSGC, which may be withheld for any reason.

36.6   If there are two (2) or more failures of any component (whether or not the failure occurs in components of the same Unit or different Units) during the Warranty Period (either the original Warranty Period or as it may be extended as a result of failures during the original Warranty Period), then, at the request of PSGC, CONTRACTOR shall perform a root cause analysis investigation of such failures and, if such investigation reveals a Warranty Defect, make such repairs, replacements or adjustments necessary to correct the Warranty Defect for all affected components, irrespective of whether the Warranty Period for such components has expired.  As requested by PSGC, CONTRACTOR shall submit, as part of its root cause analysis investigation and report, all design and performance calculations related to such component failure.

36.7   Within ten (10) Days of receipt by CONTRACTOR of a notice identifying a Warranty Defect (which period will be as short as possible, but in no event longer than two (2) Business Days if a Unit is forced out of service or is operating on a restricted basis), CONTRACTOR shall give notice to PSGC of its approach for when and how such Warranty Defect will be remedied; provided, however, such approach shall provide for CONTRACTOR to conduct cure activities in a commercially reasonable and prompt manner; provided, further, in cases of imminent danger to life or property or forced outage of a Unit, CONTRACTOR shall remedy such Warranty Defect as soon as possible.  If CONTRACTOR does not begin and diligently proceed to complete said remedy within the time period specified in the corrective approach, PSGC shall have the right, after giving notice to CONTRACTOR, to perform or to have performed by third parties the necessary remedy, and the costs thereof (including a warranty thereon) shall be borne by CONTRACTOR

36.8   Title to all Equipment and Materials provided in performing warranty Work, including all repairs, replacements and corrections, will pass to PSGC immediately upon the inclusion thereof into the Facility and otherwise will be subject to the provisions of General Condition GC-34 titled "Title and Risk of Loss".

36.9   CONTRACTOR has primary liability with respect to the warranties set forth in Clauses GC-36.1 and GC-36.3 of this Contract, whether or not any defect or other matter is also covered by a warranty of a Subcontractor, and PSGC needs only look to CONTRACTOR for corrective action. The refusal of a Subcontractor or other third party to correct defective Work will not excuse CONTRACTOR from its liability as to the warranties provided herein.

## GC-37 BACKCHARGES

37.1   PSGC may, in addition to any other amounts to be retained hereunder, retain from any sums otherwise owing to CONTRACTOR amounts sufficient to cover the full costs of any of the following:

EXHIBIT A

(a4)   Appropriately discounted to stand-by rates for idle time reasonably required.

(b)   When the operated use of equipment is infrequent and, as determined by PSGC, such equipment need not remain at the Jobsite continuously, charges shall be limited to actual hours of use. Equipment not operating but retained at the location of changes at PSGC's direction shall be charged at the standby rate.

(c)   For the cost of both rented and owned equipment to be allowable, PSGC must agree in writing, prior to the commencement of use, that the individual pieces of equipment are needed, are appropriate for the Work, and that the mobilization and demobilization costs are allocable to the change and acceptable. This is in addition to the daily end-of-day approval of operating time for such equipment.

(3)   Equipment and Materials.   Approved incurred costs for Equipment and Materials incorporated into the changed Work or required for temporary construction facilities made necessary by the change shall be allowable at net cost delivered to the Jobsite plus five percent (5%) overhead and profit for CONTRACTOR.

(4)   Contracts.  Approved incurred costs for lower-tier subcontracted tasks shall be allowable plus five percent (5%) overhead and profit for CONTRACTOR; provided that PSGC has approved the lower-tier subcontract pursuant to the General Condition GC-41 titled "ASSIGNMENTS AND SUBCONTRACTS" before any Work is performed.

(5)   Overhead, Profit and All Other Costs.

(a)   In addition to the overhead and profit provided in Clause SC-16.1 (2) through (4) above, PSGC will also pay an amount equal to fifteen percent (15%) of total direct labor as described in (1) above for changes resulting in a Contract Price adjustment, excluding this percentage markup, of less than $100,000, or will pay ten percent (10%) for changes resulting in adjustments of $100,000 or more.

(b)   This amount will be deemed to be full consideration for all overhead, interest and profit, for all additional costs e.g., supervision and tools, and for all impacts of the change on all elements of the Work whether or not changed.

## SC-17   COMPONENT WARRANTIES

17.1   In addition to the General Condition GC-36 titled "WARRANTY", CONTRACTOR shall obtain or provide, for the benefit of PSGC and their successors in interest, warranties or guarantees for the Equipment, Materials and other Work furnished by Subcontractors.  Such warranties or guarantees are to run for the period set forth in the applicable specification of this Contract or, when not specified, that period customarily provided by the Subcontractor. CONTRACTOR shall enforce such warranties or guarantees on its own behalf or, if requested by PSGC, on behalf of PSGC. CONTRACTOR shall provide warranty documentation to PSGC on or before Provisional Acceptance or as otherwise required by this Contract.

17.2   CONTRACTOR will take all necessary actions to ensure that the entire scope of work, including any all changes and additions, qualify and are approved by Centria for both the Centria Finish Warranty and Centria Twenty Year Standard Weathertight Limited Warranty.

17.3   CONTRACTOR will execute all Centria warranties applicable to this Contract in a timely manner.

Owner EPC Contract
Exhibit "B" – Special Conditions Rev. 1          Page 31 of 36          Prairie State Energy Campus
Contract No. 25316-240-HC1-ATPS-00001
Field Assembled Metal Roof and Wall Panels
June 11, 2009

EXHIBIT A

17.4    Nothing contained in the related component warranties shall relieve CONTRACTOR of it's responsibilities under GC-36.

## SC-18   QUALITY ASSURANCE PROGRAM

CONTRACTOR shall comply with the Quality Assurance Program requirements outlined in Technical Specification 25316-000-3PS-ATPS-00001 Section 1.5. CONTRACTOR'S documented quality system shall provide for the issuance of a "stop work" order by CONTRACTOR or PSGC at any time during the Work, when significant adverse quality trends and/or deviations from the approved Quality Assurance Program are found. PSGC reserves the right to perform Quality Assurance Audits of CONTRACTOR's approved Quality Assurance Program, including its Subcontractors, at any stage of the Work.

## SC-19   TRAINING PROGRAM

19.1    Training shall be performed only in accordance with a PSGC-approved training program pursuant to the training requirements set forth in this Contract.  Upon completion of the training program, the training aids, tools, test equipment, training manuals and other materials specific to the program shall be transferred to PSGC and CONTRACTOR shall make video recordings of all training sessions for PSGC's use.

19.2    CONTRACTOR shall accept PSGC's nominated trainees to work on a counterpart basis with CONTRACTOR's employees and shall ensure that the nominated trainees are personally involved in and become knowledgeable about the day-to-day operations and maintenance of the Facility.

## SC-20   LIQUIDATED DAMAGES – NOT USED

## SC-21   GOVERNING LAW

This Contract will in all respects be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to any choice of law rules thereof, which may direct the application of the laws of another jurisdiction.

## SC-22   SALES AND USE TAX REQUIREMENTS

22.1    The Project is located in the Nashville/Washington County Enterprise Zone. Equipment and Materials incorporated into the Facility under this Contract are exempt from Illinois sales and use tax.  The Contract Price shall not include, and CONTRACTOR shall not charge to PSGC, Illinois sales or use tax on any Equipment or Materials incorporated into the Jobsite. PSGC has provided CONTRACTOR with a copy of the Enterprise Zone Certificate of Exemption and Purchaser's Statement, a copy of which is attached hereto as Appendix B-6.

22.2    In any Subcontract involving the purchase of Equipment or Materials, CONTRACTOR shall:  (1) provide to the Subcontractor a copy of the Enterprise Zone Certificate of Exemption and Purchaser's Statement; (2) require the Subcontractor to be bound by the terms and conditions set forth in this Clause SC-22 titled "Sales and Use Tax Requirements" and Clause SC-15 entitled "Invoicing and Payment"; and (3) require that no Illinois sales or use tax is included in the Subcontract price.

EXHIBIT A

# EXHIBIT B

# CENTRIA FINISH WARRANTY

Contract No.:    34588
Customer Name:    A. C. Dellovade
Owner Name:    Prairie State Generating
Job Name:    Prairie state Energy
Job Location:    Marissa, Illinois
Finish:    FLUOROFINISH
Effective Date:    June 4, 2012

Product Description: CENTRIA non-perforated panels and accessories

SUBJECT TO THE PROVISIONS BELOW, CENTRIA'S FLUOROFINISH (COATINGS) WILL NOT FOR A PERIOD OF TWENTY-ONE (21) YEARS FROM THE COIL COATING DATE OR TWENTY (20) YEARS FROM PANEL INSTALLATION DATE, WHICHEVER COMES FIRST, CHANGE IN COLOR IN EXCESS OF 5 E UNITS PER A.S.T.M. D-2244, CHALK IN EXCESS OF A #8 A.S.T.M. D-4214 RATING, OR PEEL, CRACK, CHECK, CHIP, OR ERODE TO BASE METAL. THIS DOES NOT INCLUDE MINUTE FRACTURING WHICH MAY OCCUR IN PROPER FABRICATION OF THE BUILDING PARTS. FAILURE DUE TO SUBSTRATE CORROSION IS EXCLUDED. COLOR CHANGE DETERMINATION SHALL BE MADE ON A WASHED SECTION OF THE EXPOSED PANEL IN ACCORDANCE WITH A.S.T.M. D-2244-85. BEGINNING ON THE EFFECTIVE DATE SET FORTH ABOVE THE FINISH OF ANY OF THE PRODUCTS WILL MEET THE STANDARD FOR THAT DESCRIBED.

In the event of breach of this warranty, CENTRIA shall have the option, at its sole discretion, to refinish or replace, or reimburse the cost of refinishing or replacing, products manufactured by CENTRIA described above and furnished for the Job identified above. Such repair or replacement shall be in lieu of returning any amounts received by CENTRIA in exchange for the failed products.

The foregoing remedy shall be CENTRIA'S sole liability and shall be the exclusive remedy of the owner or customer.

"Products" means the products manufactured by CENTRIA identified above and furnished for the Job identified above.

1. This limited warranty extends only to the original owner, is not assignable by operation of law or otherwise), and covers the Products only when installed on buildings in the continental United States. This warranty applies only to CENTRIA standard colors or special colors approved in writing by CENTRIA.

2. This limited warranty does not extend to or cover damage to the Products resulting from exposure to other than normal weather and atmospheric conditions. For purpose of this limited warranty, unusual weather conditions, e.g., hailstones, direct salt spray, constant spray of either fresh or salt water, marine atmospheres (classified as within 1,500 feet of saline environment or brackish water), animal waste and associated fumes, chemical fumes, contact with chemical solvents or liquids, atmospheric radiation, ash, cement dust or other harmful or foreign substances, and other corrosive or aggressive atmospheres from whatever source (both inside and outside the building described above) are not normal weather or atmospheric conditions.

3. This limited warranty does not extend to or cover damage to the Products as a result, in whole or in part, of improper securing, storing, design, workmanship, erection, or cleaning of the Products, failure to maintain the building on which the Products are installed or the Products after erection, (including, but not limited to, failure to permit the drainage of standing water), in good condition, normal wear and tear alone excepted, negligence of any party other than CENTRIA, water runoff from lead or copper flashing or piping or areas in contact with lead or copper, failure to remove debris from the Products, falling objects, external forces, explosions, fire, accident or casualty, vandalism, acts of God, or other occurrences beyond the control of CENTRIA.

4. In applying this limited warranty, measurements of color shall be made on a clean surface from which all contaminants, dust, chalk and oxidized film have been removed and shall not be made on any area deliberately or accidentally stained by mud, oil, grease, insecticide sprays, etc. Color measurements shall be determined on a color meter designed to adequately measure color by reflectance measurements of tristimulus values.

5. This limited warranty shall be null and void if any alterations or repairs are made on or through the Products, or if any objects are placed upon, suspended from or attached to the Products, without the prior written authorization of CENTRIA. This limited warranty specifically excludes any damage to the Products or leaks resulting in whole or in part from the installation of ventilators, skylight, gutters, valleys, flashings, parapets or other structures or penetrations of the Products, associated with signs, vents, equipment or other causes, or defects in the foundation.

6. This limited warranty shall be null and void if the original owner fails to comply with every term and condition of this limited warranty.

7. Claims under this limited warranty must be made to CENTRIA in writing within thirty (30) days after the original owner discovers or obtains knowledge of any defect in the Products. Any legal action to enforce this limited warranty must be commenced within 12 months of the date of such written notice.

8. All notices given to CENTRIA under or pursuant to this limited warranty shall be in writing and sent by certified mail, postage prepaid, return receipt requested, to its then current address.

9. CENTRIA shall have no obligation under this limited warranty until it has received full payment of all invoices for Products and any other related charges.

10. If any of the Products is repaired or replaced in accordance with the terms of this limited warranty, that Product shall be covered by this limited warranty only for the balance of its original term.

11. The invalidity or unenforceability of any provision of this limited warranty shall not affect the enforceability and validity of any other provision, and this limited warranty shall be construed in all respects as if any invalid or unenforceable provision is omitted.

12. This document constitutes the entire limited warranty made by CENTRIA. No modification or amendment of this limited warranty shall be binding on CENTRIA unless made in writing and signed by its authorized representative. The terms, conditions, covenants and provisions contained in this limited warranty may be waived only by a writing signed by CENTRIA. No oral statements, course of conduct or dealing shall be deemed a waiver.

13. THIS LIMITED WARRANTY CONSTITUTES THE ONLY WARRANTY MADE BY CENTRIA. CENTRIA HEREBY EXCLUDES ANY AND ALL OTHER WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL CENTRIA BE LIABLE FOR ANY CLAIM, INCLUDING BUT NOT LIMITED TO CLAIMS ARISING UNDER CONTRACT, TORT, STRICT LIABILITY OR PRODUCTS LIABILITY. IN NO EVENT SHALL CENTRIA BE LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF OTHER PROPERTY OR EQUIPMENT, LOSS OF PRODUCTION, LOSS OF PROFITS, OR INJURY TO PERSONS OR PROPERTY.

14. This warranty shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

15. THIS LIMITED WARRANTY SHALL CONTROL NOTWITHSTANDING ANYTHING TO THE CONTRARY IN ANY OTHER WRITING. THE INSTALLATION OF THE PRODUCTS SHALL CONSTITUTE THE ACCEPTANCE OF THE TERMS OF THIS LIMITED WARRANTY BY THE OWNER AND CUSTOMER.

CENTRIA
Signature: *Judy Black*    Date: 7/15/13
     Warranty Administrator

Customer    A. C. Dellovade
Signature:
Title: *Project Manager*    Date: 5-20-13

Owner    Prairie State Generating
Signature:
Title: Warranty Manager    Date: 7/3/13

Warranty is valid only if CENTRIA signature is embossed with the CENTRIA company seal.

EXHIBIT B

# EXHIBIT C

 **BOYLE BRASHER** LLC

DAVID B. SCHNEIDEWIND*
dschneidewind@boylebrasher.com

* LICENSED IN ILLINOIS,
MISSOURI, TENNESSEE AND
KENTUCKY

ATTORNEYS AT LAW

5000 WEST MAIN STREET

P.O. BOX 23560

BELLEVILLE, ILLINOIS 62223-0560

(618) 277-9000
FAX (618) 277-4594
www.boylebrasher.com

ONE METROPOLITAN SQUARE
SUITE 2300
211 NORTH BROADWAY
ST. LOUIS, MO 63102
(314) 621-7700
FAX (314) 621-1088

BRINKLEY PLAZA
80 MONROE AVENUE
SUITE 410
MEMPHIS, TN 38103
(901) 521-2860
FAX (901) 521-2861

February 22, 2018

*Sent via Certified Mail #7016 0600 0000 6040 6617*

CENTRIA
ATTN: CENTRIA WARRANTY DEPARTMENT
1005 Beaver Grade Road
Moon Township, PA 15108

RE:   NOTICE OF WARRANTY CLAIM
      OWNER NAME: PRAIRIE STATE GENERATING
      JOB NAME: PRAIRIE STATE ENERGY
      JOB LOCATION: MARISSA, IL
      CONTRACT #34588

To Whom It May Concern:

On behalf of Prairie State Generating Company of Marissa, Illinois, I am placing Centria on notice that Prairie State Generating Company is hereby making a warranty claim pursuant to Centria's Finish Warranty that was provided to Prairie State Generating Company effective June 4, 2012. (Enclosed is a copy of the Centria Finish Warranty.) Prairie State Generating Company is hereby reserving upon itself all rights as contained in said warranty, including but not limited to the right to take any legal action to enforce the warranty.

Please be advised that the finish/coating on the panels that Centria provided to Prairie State Generating Company is failing due to defects in Centria's manufacturing, finishing and/or coating processes, which is causing rust and deterioration to the panels. Such failures constitute a breach of warranty and need to be repaired, refinished, and/or replaced by Centria pursuant to its warranty provided.

Please contact me at your earliest convenience to discuss the prompt handling and resolution of this warranty claim.

EXHIBIT C

Page 2

Sincerely,

David B. Schneidewind
Attorney for Prairie State Generating Company

Enc.
cc:  Ashlie Kuehn, Interim General Counsel PSGC

EXHIBIT C

# CENTRIA FINISH WARRANTY

Contract No.: 34588
Customer Name: A. C. Dellovade
Owner Name: Prairie State Generating
Job Name: Prairie state Energy
Job Location: Marissa, Illinois
Finish: FLUOROFINISH
Effective Date: June 4, 2012

Product Description: CENTRIA non-perforated panels and accessories

SUBJECT TO THE PROVISIONS BELOW, CENTRIA'S FLUOROFINISH (COATINGS) WILL NOT FOR A PERIOD OF TWENTY-ONE (21) YEARS FROM THE COIL COATING DATE OR TWENTY (20) YEARS FROM PANEL INSTALLATION DATE, WHICHEVER COMES FIRST, CHANGE IN COLOR IN EXCESS OF 5 E UNITS PER A.S.T.M. D-2244, CHALK IN EXCESS OF A #8 A.S.T.M. D-4214 RATING, OR PEEL, CRACK, CHECK, CHIP, OR ERODE TO BASE METAL. THIS DOES NOT INCLUDE MINUTE FRACTURING WHICH MAY OCCUR IN PROPER FABRICATION OF THE BUILDING PARTS. FAILURE DUE TO SUBSTRATE CORROSION IS EXCLUDED. COLOR CHANGE DETERMINATION SHALL BE MADE ON A WASHED SECTION OF THE EXPOSED PANEL IN ACCORDANCE WITH A.S.T.M. D-2244-85. BEGINNING ON THE EFFECTIVE DATE SET FORTH ABOVE THE FINISH OF ANY OF THE PRODUCTS WILL MEET THE STANDARD FOR THAT DESCRIBED.

In the event of breach of this warranty, CENTRIA shall have the option, at its sole discretion, to refinish or replace, or reimburse the cost of refinishing or replacing, products manufactured by CENTRIA described above and furnished for the Job identified above. Such repair or replacement shall be in lieu of returning any amounts received by CENTRIA in exchange for the failed products.

The foregoing remedy shall be CENTRIA'S sole liability and shall be the exclusive remedy of the owner or customer.

"Products" means the products manufactured by CENTRIA described above and furnished for the Job identified above.

1. This limited warranty extends only to the original owner, is not assignable (by operation of law or otherwise), and covers the Products only when installed on buildings in the continental United States. This warranty applies only to CENTRIA standard colors or special colors approved in writing by CENTRIA.

2. This limited warranty does not extend to or cover damage to the Products resulting from exposure to other than normal weather and atmospheric conditions. For purpose of this limited warranty, unusual weather conditions, e.g., hailstones, direct salt spray, constant spray of either fresh or salt water, marine atmospheres (classified as within 1,500 feet of saline environment or brackish water), animal waste and associated fumes, chemical fumes, contact with chemical solvents or liquids, atmospheric radiation, salt, cement dust or other harmful or foreign substances, and other corrosive or aggressive atmospheres from whatever source (both inside and outside the building described above) are not normal weather or atmospheric conditions.

3. This limited warranty does not extend to or cover damage to the Products as a result, in whole or in part, of improper cleaning, storing, design, workmanship, erection, or cleaning of the Products, failure to maintain the building on which the Products are installed or the Products after erection, (including, but not limited to, failure to permit the drainage of standing water) in good condition, normal wear and tear alone excepted, negligence of any party other than CENTRIA, water runoff from lead or copper flashing or piping or areas in contact with lead or copper, failure to remove debris from the Products, falling objects, external forces, explosions, fire, accident or casualty, vandalism, acts of God, or other occurrences beyond the control of CENTRIA.

4. In applying this limited warranty, measurements of color shall be made on a clean surface from which all contaminates, dust, chalk and oxidized film have been removed and shall not be made on any area deliberately or accidentally stained by mud, oil, grease, insecticide sprays, etc. Color measurements shall be determined on a color meter designed to adequately measure color by reflectance measurements of tristimulus values.

5. This limited warranty shall be null and void if any alterations or repairs are made on or through the Products, or if any objects are placed upon, suspended from or attached to the Products, without the prior written authorization of CENTRIA. This limited warranty specifically excludes any damage to the Products or leaks resulting in whole or in part from the installation of ventilators, skylight, gutters, valleys, flashings, parapets or other structures or penetrations of the Products, associated with signs, vents, equipment or other causes, or defects in the foundation.

6. This limited warranty shall be null and void if the original owner fails to comply with every term and condition of this limited warranty.

7. Claims under this limited warranty must be made to CENTRIA in writing within thirty (30) days after the original owner discovers or obtains knowledge of any defect in the Products. Any legal action to enforce this limited warranty must be commenced within 12 months of the date of such written notice.

8. All notices given to CENTRIA under or pursuant to this limited warranty shall be in writing and sent by certified mail, postage prepaid, return receipt requested, to its then current address.

9. CENTRIA shall have no obligation under this limited warranty until it has received full payment of all invoices for Products and any other related charges.

10. If any of the Products is repaired or replaced in accordance with the terms of this limited warranty, that Product shall be covered by this limited warranty only for the balance of its original term.

11. The invalidity or unenforceability of any provision of this limited warranty shall not affect the enforceability and validity of any other provision, and this limited warranty shall be construed in all respects as if any invalid or unenforceable provision is omitted.

12. This document constitutes the entire limited warranty made by CENTRIA. No modification or amendment of this limited warranty shall be binding on CENTRIA unless made in writing and signed by its authorized representative. The terms, conditions, covenants and provisions contained in this limited warranty may be waived only by a writing signed by CENTRIA. No oral statements, course of conduct or dealing shall be deemed a waiver.

13. THIS LIMITED WARRANTY CONSTITUTES THE ONLY WARRANTY MADE BY CENTRIA. CENTRIA HEREBY EXCLUDES ANY AND ALL OTHER WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL CENTRIA BE LIABLE FOR ANY CLAIM, INCLUDING BUT NOT LIMITED TO CLAIMS ARISING UNDER CONTRACT, TORT, STRICT LIABILITY OR PRODUCTS LIABILITY. IN NO EVENT SHALL CENTRIA BE LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO, LOSS OF OTHER PROPERTY OR EQUIPMENT, LOSS OF PRODUCTION, LOSS OF PROFITS, OR INJURY TO PERSONS OR PROPERTY.

14. This warranty shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania.

15. THIS LIMITED WARRANTY SHALL CONTROL NOTWITHSTANDING ANYTHING TO THE CONTRARY IN ANY OTHER WRITING. THE INSTALLATION OF THE PRODUCTS SHALL CONSTITUTE THE ACCEPTANCE OF THE TERMS OF THIS LIMITED WARRANTY BY THE OWNER AND CUSTOMER.

CENTRIA

Signature: _Judy Black_   Date: 7/15/13
Warranty Administrator

Customer: _A. C. Dellovade_

Signature:

Title: _Project Manager_   Date: 5-20-13

Owner: Prairie State Generating

Signature: _Sherri Beck_

Title: _Warranty Manager_   Date: 7/3/13

Warranty is valid only if CENTRIA signature is embossed with the CENTRIA company seal.

EXHIBIT C

FILED
Washington Co. Circuit Court
20th Judicial Circuit
Date: 9/14/2018 11:36 AM
Cynthia Barczewski

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of Washington )

Case Number   2018-L-3

Amount Claimed   in excess of 50,000.00

| | |
|---|---|
| Prairie State Generating Company, LLC | Steelbuilding.com, LLC d/b/a CENTRIA; NCI Group, Inc., d/b/a CENTRIA; and CENTRIA General Partnership |
| Plaintiff(s) | Defendant(s) |

vs

Classification Prefix L_____ Code _____   Nature of Action Law _____ Code ____

Pltf. Atty. David B. Schneidewind   Code #6273495
Address 5000 West Main Street, PO Box 23560
City Belleville, Illinois   Phone 277-9000
Add. Pltf. Atty. Emily C. O'Connor #6317285 Code

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Steelbuilding.com

## SUMMONS COPY

To the above named defendant(s)......:

ADDRESS 10943 North Sam Houston Parkway W.

CITY & STATE Houston, TX 77064

☐ A. You are hereby summoned and required to appear before this court at:
(court location) _____ _____ _____ at _____ M. On _____ 20 __
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ___ August 31 ___ 18 ___
20 __

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20 __
(To be inserted by officer on copy left with defendant or other person)

RECEIVED
MARK HERMAN
CONSTABLE, PCT 4
HARRIS CO. TEXAS
'18 SEP -5 AM 11:37

**Constable Return of Corporation**

Cause #: <u>2018L3</u>                                                    Tracking #: <u>J06811256</u>

In the case of <u>PRAIRIE STATE GENERATING COMPANY LLC</u> VS <u>STEELBUILDING.COM</u> a <u>SUMMONS & COMPLAINT</u> and attached <u>COMPLAINT</u> was issued by the <u>State of Illinois, Washington County, Circuit Court for the 20TH Judicial Circuit</u> court of <u>WASHINGTON</u> County, and came to hand on the <u>5</u> day of <u>September</u>, <u>2018</u> at <u>11:37AM</u> to be delivered at <u>10943 N SAM HOUSTON PKWY W</u>, <u>HOUSTON</u>, TX <u>77064</u> by delivering to: <u>STEELBUILDING.COM BY SERVING CORPORATE OFFICER OR AGENT</u>

**Service of Corporation**

Executed the same in <u>Harris</u> County, Texas, on the <u>10</u> day of <u>September</u>, <u>2018</u> at <u>12:26PM</u> by summoning <u>STEELBUILDING.COM, LLC D/B/A CENTRIA; NCI GROUP, INC., D/B/A CENTRIA; AND CENTRIA GENERAL PARTNERSHIP</u> a Corporation at <u>10943 N SAM HOUSTON PKWY W</u>, <u>HOUSTON</u>, Texas <u>77064</u> By delivering to <u>MATT THIEM</u> in person the <u>VICE PRESIDENT</u> of said Corporation a true copy of this <u>SUMMONS & COMPLAINT</u>, together with the accompanying certified copy of the <u>COMPLAINT</u>

Fee Due $ <u>0.00</u>

by Deputy <u>JOHN RIPPLE - I16</u>
　　　　　　　　Printed

Deputy Signature

Attempts: <u>1</u>

**Mark Herman , Constable Precinct #4**
**Harris County Texas**

330 Meadowfern Dr.
Houston Texas 77067
281.401.6225

The State of Texas:
County of Harris:

Before me, the undersigned authority, a notary public in and for Harris County, Texas, on this day personally appeared <u>John Ripple</u>, known to me to be that he executed the same for the purpose and consideration therein expressed. Given Under My Hand and Seal of Office, this <u>10</u> day of <u>September</u>, <u>2018</u>.

_____
Notary Public in and for the State of Texas



TANYA D WILSON
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 8/24/2020
NOTARY ID 13079270-2