# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRAIRIE STATE GENERATING COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STEELBUILDING.COM, LLC, NCI GROUP, INC., and CENTRIA GENERAL PARTNERSHIP, <br><br> Defendants. | Case No. 3:18-cv-01851-JPG-GCS |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Prairie State Generating Company runs a coal power plant. When they began construction on the plant, they entered into an agreement with a general contractor: Dellovade. Dellovade then subcontracted with defendant Steelbuilding.com—who does business as Centria—to design, manufacture, and supply metal exterior roof and wall panels for the power plant. That contract contains a warranty provision, which states:

> This limited warranty constitutes the only warranty made by Centria. Centria hereby excludes any and all other warranties of merchantability or fitness for a particular purpose in no event shall Centria be liable for any claim, including but not limited to claims arising under contract, tort, strict liability or products liability. In no event shall Centria be liable for any incidental, special or consequential damages, including but not limited to loss of other property or equipment, loss of production, loss of profits, or injury to persons or property.

(Compl. Ex. B, ECF No. 1-1.)

Now, Prairie State alleges that the panels have started "blistering, peeling, cracking, bulging, deteriorating, corroding, and rusting significantly, in addition to other defects." (Compl. ¶ 17.) Prairie State also says that they notified Centria of the defects—specifically noting that

1

Centria was responsible for the damage because they coated the panels with defective Fluorofinish—but Centria allegedly refused to honor the warranty.

For that refusal, Prairie State sued Centria. Their complaint—originally filed in state court but later removed to this Court on a theory of diversity jurisdiction via 28 U.S.C. § 1332—contains three counts: (1) breach of warranty; (2) breach of the implied warranty of merchantability; and (3) breach of the implied warranty of fitness for a particular purpose. And in terms of relief, Prairie State asks for compensatory damages, incidental and consequential damages, costs, and attorney's fees.

Centria has now moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly.*, 550 U.S. at 556). And as always when reviewing one of these types of motions, the Court must accept as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555 (2007)).

Here, Centria argues that the warranty expressly excludes any claims for breaches of the implied warranties of merchantability and fitness for a particular purpose, so they ask the Court to dismiss Counts II and III of the complaint accordingly. Centria also points out that the warranty (1) excludes claims for incidental and consequential damages and (2) does not provide for attorney's fees, so they ask the Court to limit Prairie State's prayer for relief on those grounds as well. Prairie State has no objection to the dismissal of Counts II and III of the complaint, but they do oppose Centria's position regarding incidental and consequential damages—which Prairie State believes encompasses attorney's fees as well. Prairie State's argument is brief: they say that the limitation of damages provision in the warranty is unenforceable because the warranty failed of its essential purpose—specifically because Centria refused to honor its obligation to repair or replace the panels.

But although Prairie State's argument is brief, it opens "a legal quagmire that has divided courts across the nation." *Caudill Seed & Warehouse Co. v. Prophet 21, Inc*., 123 F. Supp. 2d 826, 830 (E.D. Pa. 2000). If a warranty contains a limitation of liability clause that prohibits the warrantee from obtaining consequential damages—as the one in the case does—and if the warrantor fails to comply with their obligations under the warranty—such as repairing the damages goods, as alleged here—does the limitation of liability clause still prevent the warrantee from obtaining consequential damages? To find the answer in this case, we must look to Pennsylvania law: this case is here on diversity jurisdiction and the contract at-issue contains a choice-of-law clause that designates Pennsylvania law as controlling—which neither party challenges. *Kohler v. Leslie Hindman, Inc*., 80 F.3d 1181, 1185 (7th Cir. 1996). But unfortunately, the Pennsylvania supreme and appellate courts have not answered this question yet—so this Court must apply the law as it believes the Pennsylvania Supreme Court would

3

apply it if it were hearing the issue. *Straits Financial LLC v. Ten Sleep Cattle Co.*, 900 F.3d 359, 369 (7th Cir. 2018); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir. 1990).

The Pennsylvania Commercial Code—which is similar in nature to the Uniform Commercial Code (UCC)—governs commercial contacts in the state. And the Pennsylvania Commercial Code says the following on the contractual limitation of remedies:

> (a) General rule.—Subject to the provisions of subsections (b) and (c) and of section 2718 (relating to liquidation or limitation of damages; deposits):
>
> > (1) The agreement may provide for remedies in addition to or in substitution for those provided in this division and may limit or alter the measure of damages recoverable under this division, as by limiting the remedies of the buyer to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts.
> >
> > (2) Resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.
>
> (b) Exclusive remedy failing in purpose.—Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.
>
> (c) Limitation of consequential damages.—Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

13 Pa.C.S.A. § 2719. So according to the plain text of the code, limitation of consequential damages provisions—such as the one in this case—appear to be generally valid unless (1) the exclusive remedy in the contract fails of its essential purpose, or (2) the provision is unconscionable.

Here, Prairie State argues the first exception: that the exclusive remedy in their warranty—Centria's obligation to repair or replace the damaged panels—has failed of its purpose because of Centria's alleged refusal to repair or replace the panels. This seems

straightforward, but the caselaw is extremely murky. There are no binding Pennsylvania state cases on the matter. And there are two Third Circuit cases touching on the subject—but neither interprets Pennsylvania law specifically, and those two cases come to opposite conclusions. One—applying New Jersey law—holds that provisions limiting consequential damages are generally enforceable unless they are found unconscionable, *Chatlos Sys., Inc. v. National Cash Register Corp.*, 635 F.2d 1081, 1086 (3d Cir. 1980). That is referred to as the "modern" approach by some. *See, e.g., Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, --- F.3d ----, 2019 WL 1552681, at *1 (7th Cir. Apr. 10, 2019). But the other case—applying Wisconsin law—takes Prairie State's approach and holds consequential damages limitations are void if the warranty fails of its essential purpose. *Ragen Corp. v. Kearney & Trecker Corp.*, 912 F.2d 619, 625 (3d Cir. 1990).

Before 2000, federal district courts in Pennsylvania generally applied the *Chatlos* "modern" approach. They did so for three reasons: "(1) the failure of a limited remedy and an exclusion of consequential damages are not inextricably linked clauses in a contract; (2) such an approach preserves freely bargained-for rights and concessions and prevents a whole limitation on liability clause from failing because of a partial deficiency; and (3) the buyer, as the party best able to avoid the loss, should bear the burden of product flaws, not the seller." *Caudill Seed*, 123 F. Supp. 2d at 831. But in late-2000, the seminal Pennsylvania case on this matter emerged. In *Caudill Seed*, Judge Reed changed course and found that the *Ragen* approach better fit Pennsylvania law.

He did so for three reasons. First—and as this Court has already explained—Judge Reed believed that the other courts erred because they "fly in the face of the language of the Pennsylvania Commercial Code," which states: "[w]here circumstances cause an exclusive or

limited remedy to fail of its essential purpose, remedy may be had as provided in this title." 13 Pa.C.S. § 2719(b). And since Pennsylvania follows the Uniform Commercial Code (UCC), "remedy may be had as provided" in 13 Pa.C.S. § 2719 means those available in the UCC—which includes consequential damages. Accordingly, the plain text of the code appears to support the *Ragen* approach.

Second, Judge Reed argued that the damages disclaimer in the contract should not apply because the drafters of the UCC—"in stating that a buyer may avail herself of all the remedies available under the UCC when an exclusive remedy fails in its essential purpose"—implicitly meant that damages disclaimers have no force when an exclusive remedy fails. And third, Judge Reed pointed out that in contracts like these, "parties intended the validity of the consequential damage exclusion to depend on the effectiveness of the limited remedy; if the limited remedy fails, so does the consequential damage exclusion." *Id*. at 832. Otherwise, the buyer is getting completely screwed out of their bargain and is left defenseless when the seller refuses to abide by the terms of the deal.

*Caudill Seed* has become an influential case. It is now published and has over 400 citing references, including around 100 cases. Thirteen of these cases center on Pennsylvania law, and ten of them have adopted the reasoning in *Caudill Seed*. *See, e.g., Hanover Architectural Prod. Inc. v. U.S. Filter/JWI, Inc.*, 79 Pa. D. & C.4th 407 (Com. Pl. 2006); *Amsan, LLC v. Prophet 21, Inc.*, No. CIV. A. 01-1950, 2001 WL 1231819 (E.D. Pa. Oct. 15, 2001); *Werner Kammann Maschinenfabrik, GmbH v. Max Levy Autograph, Inc.*, No. CIV.A. 01-1083, 2002 WL 126634 (E.D. Pa. Jan. 31, 2002); *Piper Jaffray & Co. v. SunGard Sys. Int'l, Inc.*, No. 04-2922(RHK/JSM), 2004 WL 2222322, at *4–7 (D. Minn. Sept. 30, 2004); *Strickler v. Peterbilt Motors Co.*, No. CIV.A. 04-3628, 2005 WL 1266674 (E.D. Pa. May 27, 2005); *Image Prod., Inc.*

*v. Accu-Sort Sys., Inc.*, No. CV 08-3044, 2009 WL 10687699 (E.D. Pa. July 10, 2009); *Robinson v. Freightliner LLC*, No. 08-cv-761, 2010 WL 887373 (M.D. Penn. Mar. 10, 2010); *Al's Auto Inc. v. Hollander, Inc.*, No. CIV 08-731, 2010 WL 3855251 (E.D. Pa. Oct. 1, 2010); *Mobile Conversions, Inc. v. Allegheny Ford Truck Sales*, No. 2:12-CV-1485, 2013 WL 1946183 (W.D. Penn. May 9, 2013); *Fish Net, Inc. v. ProfitCenter Software, Inc.*, No. CIV.A-09-5466, 2013 WL 5635992, at *8 (E.D. Pa. Oct. 15, 2013); *see also Hanreck v. Winnebago Indus., Inc.*, No. 16-CV-01163, 2019 WL 1383509, at *12–13 (M.D. Pa. Mar. 27, 2019) (applying the reasoning of *Caudill Seed* without citing it, and finding that whether the warranty failed of its essential purpose presented a genuine issue of material fact).

And of the three cases that did not, one of them acknowledged *Caudill Seed* as controlling but granted summary judgment on other grounds, *Neer v. Volvo Trucks of N. Am.*, No. 3:05CV459, 2007 WL 2726174 (M.D. Pa. Sept. 17, 2007), and another is a district court outside of Pennsylvania. *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, No CIV.A. 09-0750, 2010 WL 1416781 (W.D. La. Apr. 1, 2010). The one remaining case is the only district court in Pennsylvania that has declined to adopt *Caudill Seed*: *Polymer Dynamics, Inc. v. Bayer Corp.*, No. CIV.A.99-4040, 2007 WL 2343796 (E.D. Pa. Aug. 1, 2007), *aff'd in part, vacated in part*, 341 F. App'x 771 (3d Cir. 2009).

Centria asks the Court to join *Polymer Dynamics*. The Court declines to do so, and instead finds that Judge Reed's analysis in *Caudil Seed* is the more appropriate path here for all of the reasons explained above. And although the Court recognizes that the Third Circuit affirmed *Polymer Dynamics*, that decision is unpublished and therefore not controlling precedent—especially given the fact that the Third Circuit's only comment on the issue was "we will affirm the judgment of the District Court, essentially for the reasons set forth by the District

Court in its thorough opinion." *Id.* at 773. And further, five of the district court cases cited above are dated after the Third Circuit's order in *Polymer Dynamics*—yet they also ignored that order and came to the same conclusion as this Court. *Robinson*, 2010 WL 887373; *Al's Auto Inc.*, 2010 WL 3855251; *Mobile Conversions, Inc.*, 2013 WL 1946183; *Fish Net, Inc.*, 2013 WL 5635992; *Hanreck*, 2019 WL 1383509. The Court joins the rest of these cases and holds that if the facts of this case show that the warranty has failed of its essential purpose, then Prairie State may recover consequential and incidental damages. But that will be a factual matter for a later time in this case—not now, at the motion to dismiss stage.

Finally, Centria has presented nothing else that compels a different conclusion. For example, Centria cites to the Seventh Circuit's recent decision in *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, --- F.3d ----, 2019 WL 1552681 (7th Cir. Apr. 10, 2019). That case notes that "many courts have shifted to the [approach seen in *Chatlos* and *Polymer Dynamics*]," but the case's ultimate holding is that Wisconsin law still follows the approach seen in *Caudill Seed*. While that case provides useful background material and certainly shows that some states are moving towards the modern approach, the Court believes that the better practice here is to stick with what courts in Pennsylvania have consistently held—at least until the Pennsylvania Supreme Court weighs in on the matter.

And to the extent that Centria argued that the warranty here is not subject to Pennsylvania's version of the UCC, or that remedy did not fail of its essential purpose because Prairie State could have done more, or that the savings clause prevents the consequential damages exclusion from being stricken, these arguments are all waived for the purposes of Centria's instant motion: they all appeared for the first time at oral argument and in Centria's supplemental memorandum, and arguments made at such a late stage in a motion's life are

waived. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc*., 491 F.3d 625, 630-631 (7th Cir. 2007). And even beyond the waiver issue, some of these arguments—such as Prairie's State's conduct regarding the condition of the panels—are contingent on the facts of this case and therefore unripe for adjudication at the motion to dismiss stage.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Centria's motion to dismiss. (ECF No. 15.) The Court **DISMISSES** Counts II and III of the complaint **WITH PREJUDICE**. Count I remains in its entirety.

**IT IS SO ORDERED.**

**DATED: APRIL 29, 2019**

*s/ J. Phil Gilbert*<br>**J. PHIL GILBERT**<br>**U.S. DISTRICT JUDGE**